# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MATTHEW KANNING,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | No. C 13-3028-MWB<br><br>**ORDER REGARDING JOINT MOTION TO REMAND** |

_____

This case is before me on plaintiff Matthew Kanning's (Kanning's) and defendant Carolyn Colvin's (the Commissioner's) joint motion to remand, which the parties filed on March 13, 2014 (docket no. 16). In the motion, the parties request that I reverse a decision by the Commissioner denying Kanning disability benefits, and remand this case back to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). Sentence Four of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Both parties agree that remand under Sentence Four is appropriate, and represent the following:

> After careful review of the above-captioned case at the briefing stage, agency counsel requested that the Appeals Council reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiffs [sic] claim. Plaintiffs [sic] counsel agrees with the remand.
>
> Upon receipt of the Court's remand order, the Appeals Council will vacate the decision and remand this case to an

> ALJ. The Appeals Council will direct the ALJ to give the claimant an opportunity for a hearing and obtain additional evidence, and the ALJ will update the record, including adding the evidence of intelligence testing from the prior folder, which was referenced in the decision. The ALJ will further evaluate the evidence of record, including the report of William Morton, Psy.D., and further evaluate the claimant's medically determinable impairments at steps two and three of the sequential evaluation process. In so doing, the ALJ will further consider the claimant's subjective complaints and the third-party statements. If necessary, the ALJ will continue through step five of the sequential evaluation process.

(Docket no. 16-1, at 2).

Because both parties seek remand, and for the reasons stated in the brief attached to the motion (docket no. 16-1), the parties' joint motion (docket no. 16) is granted. The Commissioner's decision is reversed and this case is remanded for further proceedings consistent with the representations in the brief supporting the joint motion. The Clerk shall enter judgment in favor of Kanning and against the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 14th day of March, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA